## COLE v. BALTIMORE & O. R. CO.
### Civ. No. 26055.

United States District Court
N. D. Ohio, E. D.
April 28, 1949.

Morton R. Dworken, Jack B. Dworken, Max M. Dworken, Cleveland, Ohio, for plaintiff.

Dwight B. Buss, Baker, Hostetler & Patterson, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is an action for personal injuries sustained by plaintiff when he was struck by one of defendant's trains. The complaint alleges jurisdiction by virtue of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., diversity of citizenship and a jurisdictional amount in excess of $3,000.

Defendant has filed a motion for a more definite statement with respect to the following matters:

(1) By stating in Paragraph 4 of the complaint the facts upon which plaintiff bases his claim that at the time of injury he was engaged in interstate commerce, bringing his cause of action with the F. E. L. A. as amended.

(2) By stating in Paragraph 5 of the complaint the particular duties in which plaintiff was engaged on or about October 27, 1948, so that it may be determined whether he was acting in the course or scope of his employment at the time of his injury.

It is defendant's contention that the complaint does not set forth allegations of fact

to support plaintiff's "bald assertion" that plaintiff and defendant were, at the time of the accident, engaged in interstate commerce so that the Federal Employers' Liability Act would be applicable.

A motion for a more definite statement is properly employed only where a pleading, to which a responsive pleading is permitted, is so vague or ambiguous that the responding party cannot reasonably be required to frame a response. Rule 12(e), Federal Rules of Civil Procedure, 28 U.S. C.A. Such a motion should not be used for the purpose of testing the strength of a party's case by forcing him either to allege certain supporting facts or retreat from asserted jurisdictional grounds.

Defendant does not allege that it cannot reasonably be required to frame a pleading responsive to the complaint due to vagueness or ambiguity.

The briefs of counsel on this motion relate mainly to argument concerning whether or not a railroad employee who is injured while off duty is subject to the benefits of the Act. Any discussion of such questions at this time is, as it seems to me, premature.

If defendant believes that the complaint in its present form is inadequate, it may file a motion to dismiss for lack of jurisdiction or failure to state a claim. The discovery processes are available for ascertaining facts concerning plaintiff's case.

Motion denied.