ACOUSTICA ASSOCIATES, INC.,
Plaintiff,

v.

POWERTRON ULTRASONICS CORPORATION, William L. Blucke, Charles E. Leonhardt, Sidney R. Tomes, William Katsara, Defendants.

No. 61-C-192.

United States District Court
E. D. New York.

June 8, 1961.

Kaye, Scholer, Fierman, Hays & Handler, New York City, Fred A. Freund, Michael O. Finkelstein, of counsel, Kenyon & Kenyon, Ralph L. Chappell, Hugh A. Chapin, New York City, of counsel, for plaintiff.

Arthur B. Kramer, New York City, Arthur B. Kramer, Maurice N. Nessen, New York City, of counsel, for defendants.

BARTELS, District Judge.

In this case the complaint charges the defendants with infringement of two patents and unfair competition by means, among other things, of utilizing in connection with the patent invention certain trade secrets obtained under certain employment contracts. Jurisdiction is predicated upon 28 U.S.C.A. § 1338 and § 1400 and 35 U.S.C.A. § 281.

Defendants move for an order (a) pursuant to the provisions of Rule 12(e), Fed.Rules Civ.Proc., 28 U.S.C.A. requiring the plaintiff to give a more definite statement as to the allegations contained in certain paragraphs of the complaint so that it shall more definitely appear what part, if any, of the plaintiff's claim of unfair competition is related to the plaintiff's claim of patent infringement and the extent and nature of the relationship or, in the alternative, to strike under Rule 12(b) all references to plaintiff's claim of unfair competition contained in said allegations and in the "Wherefore clause", and (b) pursuant to the provisions of Rule 12(e), requiring the plaintiff to give a more definite statement as to certain allegations and a certain "Wherefore clause" pertaining to a breach of contract claim or, in the alternative, to strike under Rule 12(b) said paragraphs on the ground of lack of jurisdiction and invalidity.

Defendants claim that it appears from the face of the complaint that the alleged unfair competition is unrelated to the infringement claim; that at most there is no connection established between the infringement claim and the unfair competition claim; that the implied claim for breach of an employment contract is a non-federal claim and, further, that

the restrictive covenants in the employment contract render it invalid.

Plaintiff replies that the complaint sufficiently connects the charge of unfair competition with the infringement claim and that the breach of contract is also connected with certain phases of unfair competition so that all of the allegations have a common background of basic facts, and that moreover this motion cannot be addressed to "Wherefore clauses". Many authorities have been cited by defendants for their position but no purpose would be served by analyzing and distinguishing them because they are not pleader cases and are in addition inapplicable under the Nagler case, infra. Suffice it to say that this is not a question involving facts but a question of whether or not defendants can reasonably be required to frame an answer to the complaint.

The Court cannot escape the conclusion that the complaint is imprecisely and loosely drafted. However, it appears from the many allegations in the complaint that the pendent jurisdiction of this Court over the claim of unfair competition may be found in paragraphs 1, 9 and 19 and inferentially from the other paragraphs with relation to utilization of trade secrets obtained under the employment contract. It must be noted that Rule 12(e) may be invoked only when a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading * * * ". This does not mean that the pleader must set out in detail the facts upon which he bases his claim. Conley v. Gibson, 1957, 355 U.S. 41, 47–48, 78 S.Ct. 99, 2 L.Ed.2d 80. Rule 8(a), Fed. Rules Civ.Proc., only calls for "a short and plain statement of the claim showing that the pleader is entitled to relief * * * ". In effect, the defendants seek a bill of particulars, which remedy, however, was abolished by the 1946 amendment to the Rule. The defendants herein are not faced with a serious problem of pleading. They may interpose a responsive pleading to the complaint without a more definite statement, however desirable that might be. If they wish to meet the issues head-on, they may interpose such denials as they deem necessary, including a partial denial of the jurisdictional allegations, and if advisable, may plead as an affirmative defense the lack of pendent jurisdiction. The motion under Rule 12(e) may not be employed as a demand for a bill of particulars to secure information or to test the strength of plaintiff's case. Cole v. Baltimore & O. R. Co., D.C.Ohio 1949, 9 F.R.D. 213, 214. What the defendants desire is to raise at the pleading stage issues which should not be raised until after discovery proceedings. Defendants will have ample opportunity to resort to interrogatories, depositions, discovery and summary judgment procedures during the progress of the litigation, which will be sufficient to enable them to ascertain the facts and also result in a more expeditious disposition of the case. Rosen v. Texas Company, D.C.N.Y.1958, 161 F.Supp. 55. Defendants do not have to respond to a "Wherefore clause" and consequently the motion may not be addressed thereto.

For similar reasons, the alternative request to dismiss the offending allegations will be denied. In Nagler v. Admiral Corporation, 2 Cir., 1957, 248 F.2d 319, the Court of Appeals of this Circuit in reversing because of such dismissals, made it quite clear that such a drastic remedy is viewed with disfavor, that moreover the Federal Rules of Civil Procedure are designed to discourage battles over mere form of statement, and that the courts are not interested in "prettifying" the pleadings but rather in eliminating needless controversies which not only delay the trial but also produce no ultimate gain or useful information, Judge Clark remarking (at page 325):

"* * * The complaint is filled with the pleading of conclusions of both fact and law; it is far from that lean and terse allegation in sequence of events as they have happened which we have stressed. But

we are not conducting exercises in pleading; we must look beyond the mere mountain of words to the meaning sought to be conveyed.  * * * "

Turning to the request to strike all references to the contract of employment, there is no paragraph in the complaint which seeks recovery for breach of the employment agreement *per se*, although subdivision "C" of the "Wherefore clause" does indicate that relief is sought for violation of the restrictive covenants. More facts concerning the background of these covenants are necessary before the Court may act. In this posture the Court cannot say that the pertinent allegations referring to the employment of the defendants by the plaintiff under employment contracts are irrelevant to the claim for patent infringement and unfair competition. The complaint as presently phrased, although not a simple or lean and terse statement of the claims, is nevertheless capable of being answered. Defendants have mistaken their remedy. Consequently the motion must be denied.

Settle order within 10 days on 2 days' notice.