William T. STANLEY

v.

HARPER BUFFING MACHINE COMPANY and John F. Harper.

Civ. No. 8561.

United States District Court
D. Connecticut.

Oct. 28, 1961.

580

Reese Dill, Cleveland, Ohio and John M. Prutzman of Lindsey, Prutzman & Hayes, Hartford, Conn., for plaintiff.

Bruce W. Manternach, Hartford, Conn., for defendants.

BLUMENFELD, District Judge.

At an earlier hearing on defendants' motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b) or in the alternative to grant summary judgment for the defendants under Rule 56, Fed.Rules Civ. Proc. 28 U.S.C.A., the motion to dismiss was considered and denied provided, "the plaintiff within thirty days files a substituted complaint setting out in separate counts allegations of (1) claims derived from patent licensing agreement and (2) claims derived from misuse of trade secrets, confidential know how, etc." The plaintiff filed a substituted complaint and the defendants have renewed the same motions.

### The Motion to Dismiss

■■ The rules permit a claim to be stated in general terms and do not require that it be stated within the framework of a cause of action. Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774, 775. Although the court suggested at the prior hearing that the plaintiff leave out of his complaint the label of specific performance because it would confuse the issue, it is again alleged that this is a suit for specific performance. To meet the judge's direction that claims be set up in separate counts, plaintiff has inserted a heading reading "Second Cause of Action" between the fourteenth and fifteenth paragraphs of the complaint and what was originally a complaint of fourteen paragraphs with three "Wherefore

clauses" set forth in five pages has now become a complaint containing allegations in eighteen paragraphs with seven "Wherefore Clauses" set forth in nine pages. Obviously, it has not become a shorter or plainer statement of the plaintiff's claims. See Rule 8(a) (2). The increased verbiage it now contains has not brought simplification or clarification. Neither the declaration that this is a suit for specific performance or of any other particular legal theory of counsel for the plaintiff, Gins v. Mauser Plumbing Supply Co., 2 Cir., 1945, 148 F.2d 974, nor the demands in the "Wherefore clauses" are effective to state a claim. See Acoustica Associates, Inc. v. Powertron Ultrasonics Corp., D.C.1961, 28 F.R. D. 16, 18. This complaint still contains such a conglomeration of legal theories and conclusions of fact and of law as to now make it no less difficult to try to find some precise statement of the plaintiff's claim to grasp hold of than it was before. Nonetheless, the court is not permitted to impose a sanction as drastic as a judgment of dismissal would be to force legally artistic pleading, but "must look beyond the mere mountain of words to the meaning sought to be conveyed." Chief Judge Clark's opinion in Nagler v. Admiral Corporation, 2 Cir., 1957, 248 F.2d 319, 325. Lest the plaintiff redouble the size of his complaint if further specificity is again sought, another look at the complaint as it now stands is in order. See generally, Nagler, supra at page 322, f.n. 3.

■■ The form of the statement is not controlling. Dioguardi v. Durning, supra. It appears that plaintiff claims that in a contract with the defendant corporation he licensed it to make use and sell machinery or "apparatus" covered by his patent in consideration of the payment of royalties to him; that in this contract "apparatus" includes any machine covered by "Harper Patent Rights"; that the individual defendant as the alter ego of the corporate defendant received $30,000 and a right to receive royalties from Canning & Co. in exchange for:

A. foreign rights in an alleged invention obtained by Harper; and

B. the continuing obligation of the defendant company to provide Canning with trade secrets, confidential know how, etc.;

and that:

A. (1) the alleged invention is either an infringement upon the plaintiff's patent or is includable within "Harper Patent Rights" and, therefore, constitutes apparatus for the use of which the plaintiff should receive royalties; and

B. (1) that all of the trade secrets and confidential know how given or promised to Canning was furnished as confidential information by the plaintiff under his agreement with the defendant company;

and, therefore, that the individual defendant by:

A. (2) wrongful transfer of rights in the alleged invention; and

B. (2) wrongful misuse of the trade secrets and confidential know how
has been unjustly enriched at the expense of the plaintiff. Without further combing the complaint to determine whether there are other claims of sufficient substance to justify relief, it seems clear that the plaintiff has stated enough to withstand a motion to dismiss under Rule 12(b) (6).

The Motion for Summary Judgment

■ The last sentence of Rule 12(b) specifically provides:

"If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all

material made pertinent to such a motion by Rule 56."

The defendant Harper submitted an affidavit containing his statement relating to the defense of each of the defendants and attached thereto a copy of a contract referred to in the complaint. The plaintiff submitted his own affidavit to which were attached some twenty-two exhibits, and the depositions of the individual defendant and of the secretary of the defendant company and some forty-one deposition exhibits. During the course of the hearing on the motion, the defendants submitted a further exhibit. Obviously, the motion must now be considered as one for summary judgment under Rule 56, F.R.C.P.

The principal question of fact in dispute between the parties is whether the Harper patent rights, which were transferred to Canning in exchange for $30,-000, constituted an improvement in the method covered by the Stanley patent. Whether the patent was worthless, as originally claimed by the plaintiff as being in conflict with the Stanley patent, or an invention, since the Patent Office has now allowed it over the objection of the Stanley method, the plaintiff maintains that it is either an infringement or at most an improvement on his patent. This is an issue of fact which Stanley, who was not a party to the patent proceedings, may raise here against Harper notwithstanding the Patent Office allowed the patent.

Stanley also asserts that in any event its use and any payment or royalty therefor is subject to the terms of the contract between plaintiff and the defendant corporation.

Whether this patent is embraced within the subject matter of the contract will depend upon the determination of the intention of the parties, the ascertainment of which may well require a consideration of surrounding factual circumstances apparently already in dispute. In this regard, the plaintiff asserts that the parties intended that any new patent in which "centrifugal action" is utilized should be "pooled" under the contract. The resolution of that question triggers forth the next one, which is whether the Harper patent falls within that classification.

The defendant Harper asserts that his transaction with Canning was by him as an individual and not between Canning and The Harper Buffing Machine Company, and that the only rights which the plaintiff has arise out of a contract between the plaintiff and The Harper Buffing Machine Company. To that the plaintiff replies that the defendant company is in fact the alter ego of Harper. Here is still another issue of fact which is in dispute.

■■ A motion for summary judgment shall be granted if the pleadings and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, Rule 56(c), F.R.C.P. The affidavits in the case at bar are conflicting and present several questions of material fact which have been put in issue. The plaintiff should be given the opportunity to offer proof at trial on these questions and to further develop his claims with proof. Fogelson v. American Woolen Co., 2 Cir., 1948, 170 F.2d 660, 662; Garrett v. First National Bank & Trust Co., 5 Cir., 1946, 153 F.2d 289, 291. This is the type of case where opportunity should be given for cross-examination of witnesses and where observation of the demeanor of the witnesses may be had by the trier to insure that factual issues are properly resolved. Doehler Metal Furniture Co. v. United States, 2 Cir., 1945, 149 F.2d 130, 135; Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464, 470–471; Colby v. Klune et al., 2 Cir., 1949, 178 F.2d 872.

■ After the pleadings are closed, the attorneys for the parties will be directed to appear before the court for a pre-trial conference at which time all of the issues in the case may be formulated and simplified. The claims which are in

the alternative or hypothetical may then be set forth specifically. See Rule 8(e)(2). Other pre-trial procedures set forth in Rule 16, F.R.C.P., may be applied.

Defendants' motion to dismiss and for summary judgment is denied.