### COCA–COLA CO. v. MARBERT PRODUCTS, Inc., et al.
### No. 569.

District Court, E. D. New York.
Nov. 3, 1939.

Nims & Verdi, of New York City, for plaintiff.

Dwight, Harris, Koegel & Caskey, of New York City (William W. Owens, of New York City, of counsel), for defendants Jack J. Streger, Marbert Products, Inc., and Apola Extract and Syrup Corporation.

Prince & Loeb, of New York City, for defendants Milton Therry and Adrian Basiotti.

BYERS, District Judge.

In this cause the plaintiff seeks an injunction against the defendants, forbidding them to do nine specified things constituting unfair competition, and the delivery and destruction of instrumentalities of such unfair competition, and an accounting.

There are seven defendants, and five of them, in three divisions, present motions for a more definite statement and for a bill of particulars to enable them to properly prepare their answers and defenses.

The motions were heard at one time, and will be disposed of as presented.

1. *Defendant Streger:*

The relief sought by this defendant applies to paragraphs 30, 31 and 38 of the bill of complaint; this defendant says that he wishes to know whether the averments in paragraph 30 as to representations to customers and prospective customers of the corporate defendants refer to him and, if so, whether they were written or oral, and to whom made, and the place and date of each.

As to paragraph 31, the same information is sought.

As to paragraph 38, having to do with alleged advertising of the products handled by the corporate defendants, whether he, Streger, is charged therewith and, if so, particulars concerning the advertising, with the names of newspapers or periodicals, and if other similar activity is charged to him under the expression "other ways", a detailed explanation thereof is sought.

This is not an action in which the plaintiff is stating a liquidated or unliquidated claim for money damages, concerning which, or the bases of which, a defendant would be entitled to an itemized statement or bill of particulars.

The allegations in the bill of complaint, other than those concerning the parties and the jurisdiction of the court, recite:

The plaintiff is engaged in the manufacture and sale of a soft drink and of a syrup for the preparation thereof under a trade-mark which was duly registered and is now the property of the plaintiff. Then follow allegations directed to the value of the trade-mark and its identification with plaintiff's products and the sale of the latter, and the manner of marketing the said products.

The foregoing are comprehended in the first sixteen paragraphs of the bill of complaint.

Paragraphs 17 to 35 and 38 state in clear, brief and comprehensive form the alleged acts of the defendants deemed to constitute unfair competition.

The remaining paragraphs allege the purpose of the defendants' overt acts, the deception of the public, and the deliberate purpose ascribed to the defendants by the plaintiff, and the effect of such conduct on the plaintiff's property, trade-mark and good-will.

■ Paragraph 30, as to which this motion is made, charges an overt act in that the defendants "represent to customers and prospective customers that defendants' products are the product of the plaintiff".

It is not seen that the foregoing paragraph is lacking in definiteness, or that this defendant is unable to plead to it without knowing what the plaintiff's evidence is on the subject. Perhaps this defendant may be entitled to discovery but, as has been painstakingly pointed out a number of times, the distinction between discovery and a particularized statement of a financial or other similar claim is clear and unmistakable.

Paragraph 31 alleges that the defendants represent to purchasers of their products "that the beverage made from said defendants' concentrate and syrup may be passed off and sold as and for the plaintiff's beverage".

What has been said with reference to paragraph 30 applies to the foregoing.

■ Paragraph 38 alleges that the defendants, in their advertising and in other ways, have stated that the names used in connection with their various products are registered in the United States Patent Office, which is not the truth.

Again it is not seen why the defendant cannot admit or deny the foregoing allegation in framing his answer.

At the argument of his motion, it was stated that he did not know whether the various acts enumerated in the bill of complaint were intended to refer to him, and, for the plaintiff, counsel answered that question in the affirmative, and certainly the bill of complaint so alleges.

Motion denied. Settle order.

2. *Defendants Therry and Basiotti:*

■ The same relief is sought by these defendants as to many paragraphs in the bill of complaint:

Paragraph 21 alleges that an unsuccessful attempt was made by a corporate defendant to secure the registration in the United States Patent Office as a trademark of the term "Apola Cola".

Paragraph 22 alleges that all defendants had knowledge of the foregoing, and these defendants in this motion ask on what date the plaintiff says it acquired said knowledge, and how.

Again it is not understood why these defendants need the relief that they now seek, to enable them to admit or deny the paragraph in question.

Paragraph 23 alludes to a matter similar to that alleged in paragraph 21, and paragraph 24 imputes knowledge to the defendants.

What has been said above applies here.

■ Paragraph 25 alleges overt acts on the part of the defendants, namely, that they induce and encourage bottlers to use names confusingly similar to the plaintiff's registered trade-mark and which are colorable imitations and infringements thereof.

Paragraph 26 alleges another overt act, namely, the use of colors in connection with the defendants' sales, to enable purchasers to pass off said products as those of the plaintiff.

Paragraph 27 is to the same effect.

Paragraph 28 deals with the alleged use of bottle caps, labels, advertising matter and other material, for the same purpose.

Paragraph 29 is similar in import.

Paragraphs 30 and 31 have been referred to in connection with the first motion.

Paragraph 32 alleges generally that the defendants induce and encourage customers and prospective customers to sell and pass off said products as those of the plaintiff.

Paragraph 33 alleges the sale of the offending products in unidentified containers.

Paragraph 34 alleges the sale of the offending products in containers which bear the plaintiff's trade-mark.

Paragraph 35 alleges sales by the defendants in refilled containers originally used in distributing the plaintiff's products.

Paragraph 38 has already been referred to in connection with the first motion.

As to these defendants, it is not understood why they cannot admit or deny the said allegations of the bill of complaint as they are presently framed, for no more *definite* statement would follow if the court were to require the plaintiff to plead its evidence.

Motion denied. Settle order.

3. *Defendants Marbert Products, Inc., and Apola Extract and Syrup Corp.:*

This motion is addressed to paragraphs 30, 31 and 38 of the bill of complaint, and what has been said in reference to the first motion disposes of this motion.

Motion denied. Settle order.