**MILLSAP et al. v. LOTZ.**

No. 989.

United States District Court
W. D. Missouri, S. D.

Dec. 13, 1950.

Mann, Mann, Walter & Powell, Springfield, Mo., and McCawley Baird, East St. Louis, Ill., for plaintiff.

Harold J. Fisher, Springfield, Mo., for defendant.

REEVES, Chief Judge.

Counsel for the defendant has filed an elaborate motion for a more definite statement and has supplemented his motion with an extensive brief or suggestions in support thereof. The complaint has been examined in the light of the motion for a more definite statement and it appears not only that the complaint complies with Rule 8 of Federal Rules of Civil Procedure, 28 U.S.C.A. but that the motion for a more definite statement calls for information and not for the clarification of doubtful or ambiguous averments.

■ Judge Gourley of the District Court, Western District of Pennsylvania, aptly stated the present rule in Byers v. Olander, 7 F.R.D. 745, loc. cit. 746, as follows: "No need exists for the citation of authorities for the reason that the law is settled that a motion for a more definite statement * * * should not be granted where the information desired can be gained by a request for admissions, and interrogatories or depositions."

This pronouncement of Judge Gourley is in strict accord with all of the authorities.

■ Counsel cites a case by the writer, Schmidt v. Going, D.C., 25 F.Supp. 412. This decision was rendered immediately after the adoption of the New Rules and all that it required was that in a proper supplemental pleading plaintiff should give to the defendant the information sought. Since that opinion the courts in other cases have pointed out that information could be obtained by interrogatories, depositions, or request for admissions.

Counsel has asked for an oral argument which is unnecessary as the law is too well settled to require a hearing. Accordingly, the motion for a more definite statement will be overruled.