### GREATER VALLEY TERMINAL CORPORATION
#### v.
**PELTZ ST. TERMINALS, Inc., John A. McSherry, individually and trading as Valley Oil Co., Eugene M. Callis and Ethel W. Hurst.**

**Civ. A. No. 23074.**

United States District Court
E. D. Pennsylvania.
Oct. 29, 1957.

Folz, Bard, Kamsler, Goodis & Greenfield, Philadelphia, Pa., for plaintiff.

Cohen, Shapiro & Cohen, Philadelphia, Pa., for defendant Peltz.

O'Keefe, Knecht & Ryan, Philadelphia, Pa., for defendants McSherry, Callis & Hurst.

VAN DUSEN, District Judge.

Defendants have filed a Motion to Dismiss under F.R.Civ.P. 12(b), 28 U.S.C. and a Motion for a More Definite Statement under F.R.Civ.P. 12(e), in this action, alleging a conspiracy of the defendants "to effect the removal of plaintiff's fuel oil" from the place where it was stored "and to deliver the same into the hands of persons not authorized to receive said fuel oil * * * and to conceal from plaintiff the happening thereof" during the period from August 1, 1956, to March 31, 1957.

I. Motion For More Definite Statement Under F.R.Civ.P. 12(e)

 This motion will be granted for failure of the complaint to state the following:

(a) The time of the conspiracy.[1]

(b) The place of the conspiracy.[1]

(c) The circumstances constituting the concealed conspiracy to the extent that they are available to plaintiff.[2]

(d) The amount of the plaintiff's fuel oil it contends was on hand at the storage place on August 1, 1956, the amount authorized by plaintiff to be withdrawn each month during the eight-month period, and the total deliveries to the storage place during each such month.[3]

---

1. F.R.Civ.P. 9(f) provides:

"For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter."

2. The allegation of a concealed conspiracy falls within the requirement of F.R. Civ.P. 9(b) that "In all averments of fraud * * * the circumstances constituting fraud * * * shall be stated with particularity." In view of this allegation and the inferences which might be drawn from the last sentence of paragraph 5, in the light of the statements in paragraph 7, the defendants are entitled to a general statement of the facts constituting the conspiracy. Because of the difference in facts between Black & Yates v. Mahogany Association, 3 Cir., 1941, 129 F.2d 227, where the statements themselves were alleged to be defamatory or actionable, and the facts of this case, the first sentence on page 232 of that opinion is not applicable to this case, where the object and accomplishment of the conspiracy (namely, depriving plaintiff of its fuel oil) have been stated. (See, also, later modifying opinion of Chief Judge Biggs, where he said, at page 233, that it was not even necessary to allege "the place or places where the acts complained of occurred.") The plaintiff is not required to plead its evidence. The elimination of the allegation of concealment in paragraph 8 would make F.R.Civ.P. 9(b) inapplicable, provided plaintiff does not intend to show any concealment or misrepresentation at the trial. As Chief Judge Forman has said in Makan Amusement Corp. v. Trenton-New Brunswick Theatres Co., D.C. D.N.J.1944, 3 F.R.D. 429, 431.

"In an action of this nature, it is important to consider that the conspiracy and combination are in most instances proven from circumstantial evidence. The usual facts are not at the disposal of the plaintiff for conspiracies and combinations are not apt to become common knowledge, making it extremely difficult for persons outside of the conspiracy or combination to obtain accurate details concerning it."

3. The language of F.R.Civ.P. 8(a), that the complaint contain "a short and plain statement of the claim," requires "a simple statement in sequence of the events which have transpired." See Gins v. Mauser Plumbing Supply Co., 2 Cir., 1945, 148 F.2d 974, 976. Cf. Siegelman v. Cunard White Star, Ltd., 2 Cir., 1955, 221 F.2d 189, 196. Although it is a close question, the hearing judge be-

In view of an apparent tendency of members of the Bar of this court to resort to "motions for more definite statement," it would seem well to re-affirm the purpose of F.R.Civ.P. 8(a)(2), as stated by the committee drafting proposed amendments to that rule in 1954—"The intent and effect of the rules is to permit the claim to be stated in general terms." The pleader is only required to disclose "adequate information as the basis of his claim for relief" and not his evidence. See Nagler v. Admiral Corporation, 2 Cir., 248 F.2d 319, at page 324. In this opinion, Chief Judge Clark points out in great detail that "attempts at special pleading are definitely not the remedy" for the present volume of federal litigation at page 326.[4] See, also, Gas Consumers Ass'n v. Philadelphia Gas Works Co., D.C.E.D.Pa.1951, 12 F.R.D. 125, 126; First Trust and Savings Bank v. Fidelity-Philadelphia Trust Co., D.C.E.D.Pa.1951, 12 F.R.D. 195, 198. Most of the information requested by defendants in their lengthy arguments on these motions can easily be secured by interrogatories and, if discovery is likely to be burdensome, a special application for a preliminary pre-trial conference may be made in order to set limits to the discovery.

## II. Motion to Dismiss Under F.R.Civ. P. 12(b)

It is not clear from the pleadings as stated that the ABC-Federal Oil & Burner Co., Inc. is an indispensable party. Cf. News, Inc., v. Buescher, D.C.N.D.Ill. 1949, 81 F.Supp. 741, 742. However, plaintiff's Amended Complaint should make more clear the connection between the allegations in the last sentence of paragraph 5 and paragraph 7, and the motion to dismiss may be renewed, if applicable, after the complaint amending

lieves the complaint should be elaborated upon to give this detail, if it is available to plaintiff.

4. This opinion should prove helpful to all practitioners before the Federal Courts.

Count 1, as described above, has been filed.

### Order

And now, October 29, 1957, it is Ordered that (1) defendants' Motion to Dismiss, filed August 30, 1957, is denied; (2) the Motions for a More Definite Statement, filed August 30, 1957 (Documents Nos. 4 and 6 in the Clerk's file), are sustained to the extent described in the foregoing opinion; and (3) plaintiff is granted thirty (30) days within which to file an amendment to its complaint in accordance with the foregoing opinion.

In a recent paper delivered at the New York University Law School, Chief Judge Clark said: "I suppose the trouble is that we moderns have neither the zest nor the guts of old Baron Parke to make our pleading rulings stick."