**Mac BEAGELMAN, Morris Malmad and Edward Taub, Plaintiffs,**

**v.**

**OWENS–ILLINOIS GLASS COMPANY and Samuel Kipnis, Defendants.**

United States District Court
S. D. New York.

Sept. 27, 1960.

---

Shapiro & Schlissel, New York City, for plaintiffs.

Gallop, Climenko & Gould, New York City, for defendant Owens-Illinois Glass Co.

Malcolm A. Hoffmann, New York City, for defendant Samuel Kipnis.

CASHIN, District Judge.

The defendants have each moved for an order, pursuant to Rule 10 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., requiring plaintiffs to file an amended complaint stating in separate counts the claims alleged in the complaint. The complaint alleges an action pursuant to the Sherman and Clayton Acts, 15 U.S.C.A. §§ 1, 2, 13 and 14, and § 340 of the General Business Law of New York.

The complaint is divided into six sections dealing with

(1) Jurisdiction and Venue;

(2) Parties;

(3) Co-conspirators;

(4) Nature of Trade and Commerce Involved;

(5) The Conspiracy; and

(6) Damages and Prayer for Relief.

Defendants ask that plaintiffs amend the complaint to include separate counts for each "cause of action." Under the proposed amended complaint defendants would have the relevant statute, the pertinent facts and the demand for damages for all claims under the Sherman Act set out in a separate count. The same would be true for all claims under the Clayton Act and under the New York State Antitrust Statutes. Defendants also ask that plaintiffs separate claims based upon their [plaintiffs'] injuries in their shareholders' capacities from those based upon injuries in their individual capacities, and that each individual plaintiff set out in separate counts the transactions affecting him.

Rule 10(b) states—

"All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth."

Thus, a separation of claims into separate counts is discretionary and a motion asking for it should be granted only when necessary to facilitate clear presentation. I have read the entire complaint in this case and, although it is not a

model of a "short and plain statement of the claim", I do not think that a separation of counts is necessary to the clear presentation of the matters set forth or to enable defendants to plead thereto.

In Nagler v. Admiral Corporation, 2 Cir., 1957, 248 F.2d 319, 325, Judge Clark went into the problem of pleading in an antitrust case. He concluded that the invariable result of stressing detailed pleadings is that the judges' directions double the bulk of verbiage and delay the cause without increasing enlightenment. I fully agree with the rationale of the Nagler case, supra, and cannot see any possible advantage in having plaintiffs amend their complaint. If the defendants desire more information they can seek it by interrogatories, depositions or discovery.

It is true that there have been many advocates for a special rule of pleading in antitrust cases. This has been rejected and the modern "notice" theory of pleading still applies to antitrust cases. In the Nagler case, supra, Judge Clark referred to Gins v. Mauser Plumbing Supply Co., 2 Cir., 1945, 148 F.2d 974, 976, in which he said:

"A simple statement in sequence of the events which have transpired, coupled with a direct claim by way of demand for judgment of what the plaintiff expects and hopes to recover, is a measure of clarity and safety; and even the demand for judgment loses its restrictive nature when the parties are at issue, for particular legal theories of counsel yield to the court's duty to grant the relief to which the prevailing party is entitled, whether demanded or not."

The present complaint relates the sequence of events upon which relief is asked. The complaint is 28 typewritten pages and, in my opinion, will not be made any clearer by having plaintiffs amend it. All that would be accomplished would be to make the complaint longer and delay the action.

Defendants' motions are denied.

It is so ordered.