M. Rudolph PREUSS, as trustee in bankruptcy of Crosby Teletronics Corporation, Bankrupt, Plaintiff,

v.

John J. TODD, Jr., as Indenture Trustee, under Indenture of Trust with Crosby Teletronics Corporation, issuer, dated as of June 30, 1961, Defendant.

No. 62–C–1143.

United States District Court
E. D. New York.

Jan. 4, 1963.

■■■■■■■■

Weinstein & Levinson, by Samuel Weinstein, New York City, for defendant.

Irving Schneider & Schwartz & Duberstein, by Joseph Simon, Brooklyn, N. Y., for plaintiff.

ZAVATT, Chief Judge.

This is a motion by the defendant for an order, pursuant to Fed.R.Civ.P. 12(e), directing the plaintiff to serve a more definite statement of the allegations of certain paragraphs of the complaint. Defendant does not contend that he is unable to answer the complaint but states that he desires more definite information so that he may obtain a speedier trial. He seeks to use Rule 12(e) as a means to avoid discovery under Rules 26 to 37 of the Federal Rules of Civil Procedure. In effect, he seeks a bill of particulars under Rule 12(e) as it existed prior to the amendment of 1946.

As enacted in 1937, Rule 12(e) authorized a motion for a bill of particulars which then became a part of the pleading it supplemented. 2 Moore, Federal Practice 2278 (2d ed. 1961), Abel v. Munro, 27 F.Supp. 346 (E.D.N.Y.1939). It soon became apparent that Rule 12(e) was being used to obtain information obtainable under Rules 26 to 37 and that the use of Rule 12(e) to supplement pleadings nullified the salutary mandate of Rule 8 which requires that pleadings be short, and the allegations thereof simple, concise and direct. Trial courts denied such motions under Rule 12(e) upon the ground that the desired information should be sought under the discovery rules. Bicknell v. Lloyd-Smith, 25 F.Supp. 657 (E.D.N.Y. 1938); Coca-Cola Co. v. Marbert Products, Inc., 29 F.Supp. 898 (E.D.N.Y. 1939); Tully v. Howard, 27 F.Supp. 6 (S.D.N.Y.1939). As originally drawn, Rule 12(e) was the subject of criticism by commentators, judges and members of the bar. At the June 1940 Second Circuit Conference of Circuit and District judges, the abolition of the bill of particulars was recommended. The Advisory Committee on Rules of the Judicial Conference recommended and the Supreme Court promulgated an amendment in 1946 which struck from Rule 12(e) any reference to the bill of particulars. 2 Moore, Federal Practice 2215 (2d ed. 1961).

The defendant's motion is denied. Settle an order on or before ten days from the date hereof.