**Don E. GAWN, Plaintiff,**

v.

**NORFOLK AND WESTERN RAILWAY COMPANY, successor to the New York, Chicago and St. Louis Railroad Company, (Nickel Plate Road), Defendant.**

**No. C66-47.**

United States District Court
N. D. Ohio, W. D.
June 13, 1966.

James E. McCormick, Toledo, Ohio, Abel J. Selburn, Detroit, Mich., for plaintiff.

Robison, Curphey & O'Connell, Toledo, Ohio, for defendant.

**1006**

## MEMORANDUM

YOUNG, District Judge.

 The plaintiff has moved the Court to vacate its order previously made granting defendants' motion to make definite and certain and to strike.

The Court is not inclined to accede to the plaintiff's request. This is essentially a small court with a large jurisdiction. The only practicable way for it to avoid being overwhelmed by the accumulation of cases is to insist that technicalities be handled with brevity and dispatch.

The rules of the Court concerning the handling of motions are simple and precise. The Court tends to err on the side of liberality in granting extensions of time for filing briefs and arguments on the most trivial and irritating matters of pleading, realizing that these matters are bread and butter, or perhaps ice cream and cake, to many attorneys. Nevertheless, the Court has a right to expect counsel to tend to their business, and to see that routine matters are handled not only routinely, but promptly.

 The Court agrees that motions to make definite and certain are not favored, discovery being a far better means to the end sought, but finds it hard to see why it should take two months to say this, when the rules allow only ten days in which to do so. For so simple a proposition, it is hard to see why ten days is not an extremely generous amount of time for briefing.

In an effort to make pleadings serve only the purpose for which they are intended, that is, to inform the parties in general terms what the dispute is, this Court does not permit the pleadings to go into the jury room. This is intended to eliminate the contest whereby each party seeks to put into his pleadings as much poison as he can, and each opposing party tries to clean up the other side's pleadings while protecting his own.

Dissipating energies on such trivialities wastes time which might better be devoted to the resolution of the merits of controversies, and this Court will not encourage it.

If the parties desire to be technical in their approach to inconsequential matters, they must expect the Court to be equally technical about compliance with its rules.

The plaintiff's motion to vacate the Court's order of May 4, 1966, is denied. Defendant may submit an order accordingly.