John BOCCHINO, Plaintiff,

v.

Walter WITKOWSKI, Edward Alfred, John Willett and John Hart, Defendants.

Civ. A. No. 5301.

United States District Court
W. D. Michigan, S. D.

Sept. 26, 1966.

Donald G. Jennings, Manistee, Mich., for plaintiff.

Eugene Christman, Ludington, Mich., for defendants.

## OPINION ON MOTION TO DISMISS

FOX, District Judge.

This is an action for damages arising under the Civil Rights Act, 42 U.S.C.A. Sections 1983 and 1985, filed by the plaintiff against two police officers, the Chief of Police, and the City Attorney for the City of Manistee, Michigan.

The complaint alleges that on the 15th day of April, 1966, defendant Walter Witkowski arrested the plaintiff at approximately 8:15 P.M., on a warrant charging him with assault and battery, in violation of the city ordinance of Manistee. The warrant was issued by Justice of the Peace Edward Pacholski upon the complaint of Glenda Johnson. The plaintiff was taken to police headquarters. Immediately upon his arrest plaintiff personally, and through his attorney, requested that he be taken before the Justice of the Peace who issued the warrant, or before some other available Justice, so that the plaintiff might post bond for his appearance and be removed from custody as provided by Michigan law.

Defendant Edward Alfred was a sergeant in the Police Department, and was the officer in charge of the police station. Defendant John Willett was the Chief of Police. While off duty he was in fact near his residence and retained supervisory control of the whole police department. Defendant John Hart was the city attorney.

Defendant Walter Witkowski failed to take plaintiff before the Justice of the Peace who issued the warrant, or some other Justice of the Peace. Then plaintiff personally, and through his attorney, offered to furnish an interim bond, as provided by M.S.A. 28.872(1), Comp. Laws Supp.1961, § 780.581. This offer was made to each defendant, either in person or by telephone, and it was repeated several times for about two hours. Each offer was denied. On the following day, April 16, 1966, at approximately 2:00 P.M., plaintiff was taken before the Justice of the Peace who issued the warrant.

M.S.A. 28.872(1) and (2), Comp.Laws Supp.1961, §§ 780.581, 780.582, supra, provide: "Section 1. When any person is arrested without a warrant for any offense, violation of a city, village or township ordinance cognizable by a justice of the peace or a municipal judge, the officer making the arrest shall take, without unnecessary delay, the person arrested before the most convenient magistrate of the county in which the offense

was committed to answer to the complaint made against him.

"If no magistrate is available or immediate trial cannot be had, the person so arrested may recognize to the direct supervisor of the arresting officer or department for his appearance by leaving with him a sum of money not to exceed $100.00. If, in the opinion of the arresting officer or department, the arrested person is under the influence of liquor or narcotic drug, is wanted by police authorities to answer to another charge, or it is otherwise unsafe to release him, the arrested person shall be held until he is in a proper condition to be released, or until the next session of court.

"Section 2. When any person is arrested with a warrant for any offense, violation of a city, village or township ordinance cognizable by a justice of the peace or municipal judge, the provisions of section 1 of this act shall apply except that the interim bond shall be directed to the magistrate who has signed the warrant, or to any justice or municipal judge authorized to act in his stead."

Plaintiff denies he was under the influence of liquor or narcotic drugs, or was wanted by police on any other charge, or that it was unsafe to release him. He alleges that defendant Hart refused to authorize acceptance of the bond, and stated to the plaintiff's attorney that the plaintiff would be released immediately if he would enter a plea of guilty to the charge against him.

Plaintiff claims the refusal of the defendants was based solely upon the desire of the defendants collectively and individually to incarcerate the plaintiff over night to force plaintiff to plead guilty to a criminal charge of which he was not guilty, and to deny him his liberty and freedom in violation of the rights, privileges and immunities afforded him by the Constitution and the laws of the United States.

Plaintiff also alleges that the defendants conspired to accomplish this illegal purpose and to deny him the rights secured to him by the Constitution and the laws of the United States, particularly the provisions of the Civil Rights Act cited above.

Defendants filed a motion to dismiss under Rule 12(b) (6) of the Federal Rules of Civil Procedure, claiming that plaintiff has failed to state a claim upon which relief may be granted. Defendants cite twelve reasons in support of this claim.

"[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–6, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957).

"A complaint is not subject to dismissal unless it appears to a certainty that no relief can be granted under any set of facts which can be proved in support of its allegations. * * * This rule, which has been stated literally hundreds of times, precludes dismissal for insufficiency of the complaint except in the extraordinary case where the pleader makes allegations which show on the face of the complaint some insuperable bar to relief.[17]

"17. E. g., Leggett v. Montgomery Ward & Co., C.A. 10th, 1949, 178 F.2d 436; Bach v. Quigan, D.C.N.Y.1945, 5 F.R.D. 34." Wright, Federal Courts, 250.

For the purposes of this motion, the facts alleged in plaintiff's complaint must be taken as true.

Plaintiff, among other things, claims he was denied equal protection of the laws as secured to him by the Constitution and laws of the United States, and denial of other constitution-

ally secured rights. In order to sustain his burden of proof, plaintiff must establish defendants' purpose was to deprive him of equal protection of the law and equal privileges and immunities under the law. A purposeful intent to discriminate by defendants under color of state law must be established by the plaintiff to sustain his claim of denial of equal protection of the law.

On May 27, 1966, plaintiff filed interrogatories addressed to defendants. Interrogatories 28, 29, 30, 31 and 32 particularly, are addressed to this issue. Plaintiff is not required to prove his case in his complaint. Discovery is intended to assist in obtaining information upon which to prepare a case for trial.

In view of the rule stated in Conley v. Gibson, supra, and Wright, Federal Courts, supra, defendants' motion is premature.

Plaintiff relies particularly upon Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). The instant case as pleaded is distinguishable. The Monroe case is an aggravated violation of definite federally secured rights, especially freedom from illegal search and seizure. Monroe is the civil side of the coin of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). It does not hold the plaintiff free from proving discrimination as plaintiff claims.

In light of plaintiff's interrogatories and the present status of the case, the court is compelled to deny defendants' motion to dismiss. This denial, however, is without prejudice, subject to renewal of the motion at any time. It may be renewed and the court will consider the renewed motion after completion of discovery and at a pretrial conference.

It is so ordered.