462

MICHIGAN GAS & ELECTRIC COMPA-
NY, a Michigan corporation, Plaintiff,

v.

AMERICAN ELECTRIC POWER COM-
PANY, Inc., a New York corporation,
and Indiana & Michigan Electric Com-
pany, an Indiana corporation, Defend-
ants.

No. 66 Civ. 1637.

United States District Court
S. D. New York.

Nov. 10, 1966.

---

Shea, Gallop, Climenko & Gould, New York City, Jesse Climenko, Martin I. Shelton, Leon P. Gold, New York City, of counsel, for plaintiff.

Simpson, Thacher & Bartlett, New York City, John A. Guzzetta, Arthur I. Settles, New York City, of counsel, for defendants.

## MEMORANDUM

TENNEY, District Judge.

Defendants American Electric Power Company, Inc. (hereinafter referred to as "American Electric") and Indiana & Michigan Electric Company (hereinafter referred to as "Indiana & Michigan Electric") move herein pursuant to Rules 12(e) and 10(b) of the Federal Rules of Civil Procedure for an order (a) for a more definite statement of plaintiff's claims and (b)· requiring plaintiff to set forth each of its claims in a separate count.

According to the allegations of the complaint, plaintiff Michigan Gas & Electric Company (hereinafter referred to as "Michigan Gas") sells electricity and gas to consumers in Michigan. Defendant American Electric is a public utility holding company operating a system for the generation, transmission and sale of electricity in several contiguous states, including Michigan. Defendant Indiana & Michigan Electric is a subsidiary of American Electric, generating, transmitting and selling electricity in the States of Indiana and Michigan. Plaintiff competes with the defendants in the sale of electricity in· Michigan; and, in those places in Michigan where plaintiff sells gas, defendants compete with plaintiff by offering electrical power as a substitute.

Prior to 1950 and thereafter, plaintiff purchased a substantial part of its electricity from defendant Indiana & Michigan Electric. In or about 1950, defendant Indiana & Michigan Electric, acting for itself and its parent, defendant American Electric, induced plaintiff to contract for the purchase of electricity from Indiana & Michigan Electric, most of which electricity would be generated by American Electric outside of Michigan. Plaintiff was induced to execute this contract upon the belief that the rates charged to it would be at least as favorable as defendant Indiana & Michigan Electric charged to its wholesale customers of the same class as plaintiff, or of a smaller class.

As a condition to such contract, plaintiff agreed not to increase its generating facilities, not to purchase electric power except from defendant Indiana & Michigan Electric, to lease to Indiana & Michigan Electric a portion of plaintiff's transmission facilities at less than fair rental, and to permit the use of other of its facilities without remuneration. Indiana & Michigan Electric failed to file with the Federal Power Commission a copy of the contract as required by law, and the Commission in or about March of 1966 ordered an investigation of the wholesale rates charged. Such investigation disclosed for the first time that defendants had been exacting overcharges from plaintiff of approximately $350,000 to $500,000 per year, and that although American Electric had reduced the rates to many wholesale customers supplied by Indiana & Michigan Electric, it had increased its charges to plaintiff. In response to a request by plaintiff to defendants to make restitution, the latter attempted to purchase plaintiff's stock for the purpose of obtaining control of plaintiff and merging it into the American Electric power system, thereby eliminating competition in the transmission and sale of electricity and gas in Michigan and eliminating plaintiff's claim for overcharges. Plain-

tiff further charges that the discriminatory rates charged it by defendant Indiana & Michigan Electric have enabled defendants to stifle competition in the sale of gas and electricity in Michigan, and that plaintiff's damages exceed five million dollars. The complaint alleges a violation of specified sections of the Sherman Act, 50 Stat. 693 (1937), 26 Stat. 209 (1890), as amended, 15 U.S.C. §§ 1, 2 (1964); of the Clayton Act, 49 Stat. 1526 (1936), 15 U.S.C. § 13(a) (1964), "and related statutes." (¶ 1 of Complaint.)

The foregoing allegations of the complaint are grouped under the headings "Jurisdiction", "The Parties", "Trade and Commerce Involved In This Action", and "Conduct of Defendants", not unlike the complaint before this Court in Beagelman v. Owens-Illinois Glass Co., 26 F.R.D. 181 (S.D.N.Y.1960).

Defendants assert that they "are unable to determine which allegations in the complaint relate to the Sherman Act charges, which allegations relate to the Clayton Act charges and which allegations are common to both" (Defendants' Memorandum Pg. 10). Therefore, they urge that the claims should be separately stated.

Rule 10(b) of the Federal Rules of Civil Procedure provides in part:

"Each claim founded upon a separate transaction or occurrence * * * shall be stated in a separate count * * * whenever a separation facilitates the clear presentation of the matters set forth."

■ In the present case plaintiff has alleged in its complaint a series of acts which it contends violates the anti-trust laws and which were designed to drive it out of business. No separate statement is required. Nagler v. Admiral Corp., 248 F.2d 319 (2d Cir. 1957); Original Ballet Russe, Ltd. v. Ballet Theatre, Inc., 133 F.2d 187 (2d Cir. 1943); Beagelman v. Owens-Illinois Glass Co., supra; United States v. American Linen Supply Co., 141 F.Supp. 105 (N.D.Ill.1956); Rohlfing v. Cat's Paw Rubber Co., 99 F.Supp. 886 (N.D.Ill.1951); Lowe v. Consolidated Edison Co., 1 F.R.D. 559 (S.D.N.Y.1940).

■ Rule 12(e) of the Federal Rules of Civil Procedure permits a motion for a more definite statement to be granted if a complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." The Rules do not require that every single section of a statute be specified, since the Court must grant the relief which the facts before it require. Accordingly, there is no need to specify the "related statutes" referred to in the complaint.

■ Rule 8(a) calls only for "a short and plain statement of the claim showing that the pleader is entitled to relief." Conley v. Gibson, 355 U.S. 41, 47–48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Trans World Airlines, Inc. v. Hughes, 332 F.2d 602, 611 (2d Cir. 1964), cert. dismissed, 380 U.S. 248, 249, 85 S.Ct. 934, 13 L.Ed.2d 817 (1965). Rule 12(e) does not require the pleader to set out in detail the facts upon which he bases his claim (Acoustica Associates, Inc. v. Powertron Ultrasonics Corp., 28 F.R.D. 16, 18 (E.D.N.Y.1961)) nor may the Rule be employed as a means of discovery. Oil and Gas Ventures—First 1958 Fund, Ltd. v. Kung, 250 F.Supp. 744, 758–759 (S.D.N.Y.1966) and cases cited in note 54; Preuss v. Todd, 31 F.R.D. 584 (E.D.N.Y.1963); Acoustica Associates, Inc. v. Powertron Ultrasonics Corp., supra. It is proper only when necessary to frame a responsive pleading. Leon v. Hotel & Club Employees Union, 26 F.R.D. 158 (S.D.N.Y.1960). Defendants' contentions as to their inability to respond to the complaint are without merit. It seems clear that defendants, who are apparently encountering difficulty in discovery (Affidavit of John A. Guzzetta, Esq.–July 18, 1966 in support of motion) are attempting to use the within motions for discovery

purposes and as a basis for a motion to dismiss. This they may not do. Leon v. Hotel & Club Employees Union, supra at 159, and cases hereinbefore cited.

The motions are accordingly denied. So ordered.