**GRETENER, A. G., Plaintiff,**

**Maschinenfabrik Rieter, A. G., and American Rieter Company, Inc., Plaintiffs-Interveners,**

v.

**DYSON–KISSNER CORPORATION, Defendant.**

**No. 66 Civ. 3966.**

United States District Court
S. D. New York.
April 3, 1969.

Kenyon & Kenyon, New York City, for plaintiff.

Pennie, Edmonds, Morton, Taylor & Adams, New York City, for defendant.

## OPINION

EDELSTEIN, District Judge.

This action was commenced on November 21, 1966, by plaintiff Gretener, A.G., a Swiss company, filing a declaratory judgment action against defendant Dyson-Kissner Corporation seeking a declaration of non-infringement and invalidity of six patents owned by Dyson-Kissner. On March 29, 1967, a summons and complaint in intervention was served upon defendant by plaintiffs-interveners, Maschinenfabrik Rieter, A.G., a Swiss company, and American Rieter Company, Inc., seeking a declaration of non-infringement of the same six United States patents for which Gretener was seeking a decree of non-infringement and invalidity.

On May 15, 1967, defendant Dyson-Kissner served an answer and counterclaim in which it admitted the allegations respecting the charge of infringement as to one of the six patents but denied that it had charged plaintiff and plaintiffs-interveners with infringement of the remaining five patents. A counterclaim for infringement of that one patent was filed at that time. Timely replies to the counterclaim were filed by plaintiff and plaintiffs-interveners.

On November 27, 1968, a consent order was granted allowing defendant Dyson-Kissner to amend its answer and counterclaim to assert a charge of infringement of five patents against plaintiff and plaintiffs-interveners, these patents being five of the six originally brought into the action by the filing of plaintiff's, Gretener's, complaint.

On December 12, 1968, plaintiff and plaintiffs-interveners filed a reply to Dyson-Kissner's amended counterclaim and at the same time asserted a "Counterclaim for Violation of the Anti-Trust Laws." It is this anti-trust counterclaim which is the subject of the present motion.

The motion at bar is brought by the defendant to dismiss a counterclaim alleging violation of the Anti-trust Laws brought by plaintiff and plaintiffs-interveners pursuant to Federal Rules of Civil Procedure 12(b). In the alternative, defendant seeks a Federal Rules of Civil Procedure 10(b) order requiring plaintiff and plaintiffs-interveners to separate their counterclaim into separate counts.

The gist of defendant's motions is that the plaintiff's counterclaim consists of conclusory allegations, the underlying facts of which are unknown to it. Defendant advances the proposition that anti-trust pleadings, as compared to ordinary pleadings, require greater specificity than what is offered here. In support of its theory, defendant cites Baim & Blank, Inc. v. Warren-Connelly Co., 19 F.R.D. 108 (S.D.N.Y.1956), which case clearly stands for the proposition that "the modern 'notice' theory of pleading is not sufficient when employed in a complaint under the anti-trust laws." (at 109)

■ Perhaps such a motion made in the 1950's might have had a reasonable chance of success, but this is not true today. The notion that anti-trust pleadings require more than other types of pleadings has been so thoroughly discredited that the citations could fill many pages of these reports, all at great expense and all for no real reason. F.R. Civ.P. 8 and the current case law are clear and consistent—special or more detailed pleadings are not required in anti-trust cases. 2A Moore's Federal Practice, ¶ 8.17(d) (1968); New Home Appliance Center, Inc. v. Thompson, 250 F.2d 881, 883 (10th Cir. 1957); Nagler v. Admiral Corp.,[1] 248 F.2d 319, 322–323 (2d Cir. 1957); Package Closure Corp. v. Sealright Co., 141 F.2d 972, 978 (2d Cir. 1944); Radovich v. National Football League, 352 U.S. 445, 453, 77 S.Ct. 390, 1 L.Ed.2d 456 (1957); Trans World Airlines Inc. v. Hughes, 332 F.2d 602, 611 (2d Cir. 1964); United States v. West Virginia Pulp & Paper Co., 36 F.R.D. 250, 252 (S.D.N.Y.1964).

■ That plaintiff and plaintiff-intervener have alleged at least the bare bones of a cause of action against defendant is clear. There are distinct allegations that defendant has violated the anti-trust laws to the detriment of plaintiffs and the public and that these violations have proximately caused damage to the plaintiffs.[2] Nothing more is required as far as this motion is concerned. Gilmour v. Wood, Wire & Metal Lathers Inter. Union, Local No. 74, 223 F.Supp. 236, 248 (N.D.Ill.1963).

SCM Corp. v. Radio Corporation of America, 407 F.2d 166 (2d Cir. 1969), relied on by defendant is not to the contrary. SCM in that case had moved to dismiss a counterclaim brought by RCA. In granting the relief sought the court stated and held that:

"RCA is not foreclosed from seeking treble damages or injunctive relief if it can plead, and establish by proof, the causation required by the statute. All that the district court decided was that 'the second counterclaim does not allege facts which confer upon defendant *standing to sue* for plaintiffs' alleged violations of the Sherman Act and the Clayton Act.' *This is all that we affirm.*"[3] (emphasis added) (at 171).

That plaintiffs here have alleged facts sufficient to grant them standing is clear.

■ Accordingly, defendant's 12(b) motion is denied. The law is equally clear that defendant is not entitled to the relief it seeks pursuant to F.R.Civ.P. 10(b). Anti-trust allegations need not be separately alleged. Michigan Gas & Elec. Co. v. American Elec. Power Co., 41 F.R.D. 462 (S.D.N.Y.1966).

If what the defendant really seeks is more information concerning plaintiffs' allegations, it has recourse to the well established means available to it.

Defendant's motions are denied.

1. Chief Judge Clark capsulated and put the issue to rest in *Nagler* as follows: "It is true that antitrust litigation may be. of wide scope and without a central point of attack, so that defense must be diffuse, prolonged, and costly. * * * But it is quite clear that the federal rules contain no special exceptions for antitrust cases. * * * When the rules were adopted there was considerable pressure for separate provisions in * * * special types of litigation. Such arguments did not prevail; instead there was adopted a uniform system for all cases— one which nevertheless allows some discretion to the trial judge to require fuller disclosure in a particular case by more definite statement, F.R. 12(e), discovery * * * (etc.)."

2. In actual fact a good deal more specificity has been alleged than what defendant would have this court believe.

3. Last paragraph of its opinion.