(C.R.D. 71–1)*

R. J. SAUNDERS & CO., INC. *v.* UNITED STATES

(66 Cust. Ct. 271, C.D. 4203)

Port of New York, protest 66/16170 on Par. 397

(Dated April 21, 1971)

*Sharretts, Paley, Carter & Blauvelt (Charles P. Deem* of counsel) for the plaintiff.

*L. Patrick Gray, III*, Assistant Attorney General (*Harold L. Grossman*, trial attorney), for the defendant.

RAO, C.J.: This is a motion by plaintiff for an order pursuant to Rule 4.7(d) of the Rules of the United States Customs Court, effective October 1, 1970, to make more definite and certain stated paragraphs in defendant's answer to the extent that they are not in conformity with Rule 4.6(a)(2). Since this is a matter of first instance under the new rules, an interpretation of the applicable provisions is necessary and appropriate.

The complaint contains 25 paragraphs and the answer 27. Response has been made to each of the paragraphs of the complaint and in addition it has been stated as a separate, distinct and affirmative defense that the classification by the Regional Commissioner of Customs is correct.

Rule 4.6(a)(2) provides:

(a) **General:** The answer to a complaint shall:

\*        \*        \*        \*        \*        \*        \*

---

*Customs Rules Decision (C.R.D.) numbers are assigned as of November 29, 1971 to published memorandum opinions which accompany non-dispositive orders. Every memorandum accompanying an order which is dispositive or partially dispositive will be designated as a Customs Decision (C.D.).

(2) if there is a denial of an allegation, contain a concise statement of the defendant's contention as to the facts or law concerning the matter denied; * * *

Rule 4.7(d) provides:

**(d) Motion for More Definite Statement:** Any party may move for an order to make any pleading more definite and certain. The motion shall point out the defects complained of and the details desired. * * *

The latter rule refers to the pleading as a whole and requires that the motion point out the defects complained of and the details desired.

The defects complained of here are that certain paragraphs denying allegations of the complaint do not contain a concise statement of the defendant's contentions as to the law and facts concerning the matter denied. Further details are desired as to paragraphs 9 and 22.

Rule 4.5B sets out the information required in a complaint in a protest action, including the customs decision complained of, the nature of the alleged error, where appropriate, the tariff description and paragraph or item number under which claim for classification is made, and "concise allegations of plaintiff's contentions of fact and law in support of his position".

Here the complaint claims that the cases for imported electric shavers should have been classified as entireties with the shavers. It then sets out in detail evidentiary facts which, if established, would tend to prove the claim, and statements of law.

Such detail is not required by the rules. The office of a pleading is to state ultimate facts and not evidence of such facts. *Southern Pac. Co.* v. *Conway*, 115 F.2d 746, 750 (1940); *Cater Const. Co., Inc. et al.* v. *Nischwitz*, 111 F.2d 971 (1940); *Greater Valley Terminal Corporation* v. *Peltz St. Terminals, Inc.*, 21 F.R.D. 167 (1957). It is neither necessary nor desirable to plead evidence in a complaint, although fair notice of the claim should be given clearly and unambiguously. *Paul M. Harrod Company* v. *A. B. Dick Compay*, 204 F. Supp. 580 (1962); *Nagler* v. *Admiral Corporation*, 248 F.2d 319, 326 (1957). Plaintiff is not required to prove his case in his complaint. *Bocchino* v. *Witkowski*, 41 F.R.D. 535 (1966).

In the instant case, plaintiff has chosen to present evidentiary matter and now claims that defendant's answer is inadequate in that it does not contain statements of defendant's contentions regarding the law and facts as to each denial of the complaint's allegation of evidentiary facts and the law.

The rules may not be so construed.

The present Rules of the United States Customs Court were adopted in large part to implement the Customs Courts Act of 1970. Section 116 of the act amends 28 U.S.C. 2635 to read:

§ 2635. Burden of proof; evidence of value

In any matter in the Customs Court:

(a) The decision of the Secretary of the Treasury, or his delegate, is presumed to be correct. The burden to prove otherwise shall rest upon the party challenging a decision.

Included within that presumption is the subsidiary presumption that the Secretary or his delegate has made all the findings of fact necessary to sustain his decision. *United States v. New York Merchandise Co., Inc.,* 58 CCPA 53, C.A.D. 1004 (1970); *W. A. Gleeson v. United States,* 58 CCPA 17, C.A.D. 998 (1970); *Western Stamping Corporation v. United States,* 57 CCPA 6, C.A.D. 968, 447 F.2d 316 (1969); *Novelty Import Co., Inc. v. United States,* 53 CCPA 28, C.A.D. 872 (1966).

The rules of the court, of course, must be read in the light of the statute. They may not be construed to allow plaintiff to frame its complaint in such fashion as to shift the burden of proof to defendant prior to the establishment of a *prima facie* case. *United States v. New York Merchandise Co., Inc., supra.* In view of the statutory presumption and the subsidiary presumptions flowing therefrom, defendant's answer in the instant case, which denies the allegations of the complaint and states in a separate paragraph, designated an affirmative defense, its contention (of fact and law) that the decision of the Regional Commissioner at New York is correct, is sufficient to cover all the allegations.

Under Rule 12(e) of the Rules of Civil Procedure, from which Rule 4.7(d) was partly derived, motions for more definite statements are not favored where the information desired is evidentiary and can be obtained by discovery or by requests for admissions or interrogatories or depositions. *Millsap et al. v. Lotz,* 10 F.R.D. 612 (1950); *Michigan Gas & Electric Company v. American Electric Power Company, Inc.,* 41 F.R.D. 462 (1966); *Gawn v. Norfolk & Western Railway Company,* 254 F. Supp. 1005 (1966); *General Electric Company v. Central Transit,* 127 F. Supp. 817 (1955); *CMAX, Inc. v. Hall,* 290 F.2d 736 (1961).

For the reasons stated, the motion is denied.