Byford ELWONGER, Plaintiff,

v.

CAREER ACADEMY, INC., Defendant.

Fred KATZ, Plaintiff,

v.

CAREER ACADEMY, INC., Defendant.

Nos. 71-C-409, 71-C-429.

United States District Court,
E. D. Wisconsin.

Nov. 30, 1971.

Hersh, Stupar, Stepke, Gollin & Schulz by Frederick Hersh, Milwaukee, Wis., for plaintiffs.

Godfrey & Kahn by William H. Alverson, and James Ward Rector, Jr., Milwaukee, Wis., for defendant.

DECISION AND ORDER

MYRON L. GORDON, District Judge.

The defendant has filed a motion for a more definite statement, pursuant to Rule 12(e), Federal Rules of Civil Procedure, in each of the above-entitled cases. In particular, the defendant seeks "a concise statement of the evidentiary facts" upon which the plaintiffs base their claims that the defendant has vio-

lated certain provisions of the Sherman and Clayton Antitrust Acts; the defendant also asks for "a statement of the injuries and damages" alleged to be attributable to such violations, if different from the general statement of injuries and damages in paragraph 12 of the plaintiffs' complaints.

The complaints in the present actions allege that the plaintiffs entered into contracts with the defendant whereby the plaintiffs were made "regional directors" for the defendant's correspondence and on-campus study programs. The plaintiffs contend that, because of the contracts, the defendant has been able to utilize "its economic resources and power to violate the anti-trust laws and to coerce and force unlawful and anti-competitive conditions and practices" upon the plaintiffs. The plaintiffs aver that they have suffered lost profits because of the defendant's actions, but state that the amount of such damages, and the amount of the defendant's unjust enrichment, "cannot be determined with precision until . . . [the plaintiffs have] . . . had adequate discovery of the defendant and its co-conspirator's records."

The defendant argues in its brief that the complaints fail to conform to the requirement of Rule 10(b) that "Each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth." The defendant also contends that the complaints contain "no allegations which . . . tend to make out a claim under any of . . . [the antitrust] . . . statutes." The complaints, the defendant states, fail to give it "fair notice" of the claims asserted by the plaintiffs.

The complaints are divided into five sections. The fourth section is entitled "Agreement Between the Parties" and paragraph six, found in such section, sets forth in general terms the provisions of the contracts pursuant to which the defendant allegedly has violated the various provisions of the antitrust acts. Paragraph nine also forms a part of the fourth section and contains a list of nine activities which the plaintiffs contend were accomplished "in furtherance of said violations."

Rule 12(e) provides, in part:

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading."

■■ In my opinion, the complaints in the present actions sufficiently contain "distinct allegations that the defendant has violated the anti-trust laws to the detriment of the plaintiffs . . . and that these violations have proximately caused damage to the plaintiffs." Gretener, A.G. v. Dyson-Kissner Corp., 298 F.Supp. 350, 352 (S.D.N.Y.1969). Nothing more appears to be required by the Federal Rules. "A separation of claims into separate counts is discretionary and a motion asking for it should be granted only when necessary to facilitate clear presentation." Beagelman v. Owens-Illinois Glass Co., 26 F.R.D. 181, 182 (S.D.N.Y.1960). The pleading requirements in an antitrust case are no different from those in any other kind of action; "special or more detailed pleadings are not required in anti-trust cases." Gretener, A.G. v. Dyson-Kissner Corp., supra, 298 F.Supp. at 352.

In Nagler v. Admiral Corp., 248 F.2d 319, 322–323 (2d Cir.1957), the court stated:

"It is true that antitrust litigation may be of wide scope and without a central point of attack, so that defense must be diffuse, prolonged, and costly. So many defense lawyers have strongly advocated more particularized pleading in this area of litigation; and recently the judges in the court below have treated it as accepted law

that some special pleading—the extent is left unclear—is required in antitrust cases. But it is quite clear that the federal rules contain no special exceptions for antitrust cases."

■ The complaints in the cases at bar are not "so vague or ambiguous that . . . [the defendant] . . . cannot reasonably be required to frame a responsive pleading." Rule 12(e) may not be used to restrict the liberality in pleading afforded by Rule 8(a) which requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Carolina Scenic Stages, Inc. v. Greyhound Corp., 38 F.R.D. 313, 314 (E.D.S.C.1965).

■ The information sought by the defendant's motions can be obtained through the use of the discovery provisions of the Federal Rules. Lodge 1916 v. General Electric X-Ray Dep't, 49 F.R. D. 72, 73 (E.D.Wis.1970). Furthermore, with respect to the plaintiffs' claims for damages, "If the allegations of damage are general, the defendant can deny them generally." 2A Moore's Federal Practice ¶12.18, at 2208 (1968). Finally, if a defendant is in doubt as to the claims or theories upon which a plaintiff ultimately will rely in prosecuting his action, Rule 8(e) (2) provides that the defendant may "set forth two or more statements of a . . defense alternately or hypothetically." See Gas Consumers Ass'n v. Philadelphia Gas Works Co., 12 F.R.D. 125, 127 (E.D. Pa.1951). I conclude that the defendant's motion for a more definite statement in each of the present actions must be denied.

Therefore, it is ordered that the defendant's motion for a more definite statement in each of the above-entitled actions be and hereby is denied.