**REDEL'S INC., Plaintiff,**

v.

**GENERAL ELECTRIC COMPANY, Defendant.**

**Civ. No. 72–106.**

United States District Court,
S. D. Florida,
Miami Division.
March 7, 1972.

444

Paige & Catlin, Miami, Fla., for plaintiff.

R. L. Edwards, of Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, Miami, Fla., for defendant.

## ORDER

ATKINS, District Judge.

■■ This cause is before the Court on plaintiff's motion for rehearing, for oral argument, and for leave to amend the complaint. This Court is aware of the general policy against more definite statements where a defendant seeks material which could be obtained through discovery processes. The complaint in question, however, is seriously deficient. Plaintiff alleges only that this action "arises under the Clayton Act, Title 15, U.S.Code." The amended complaint proposes to further define plaintiff's jurisdiction bases, i. e., 15 U.S.C. §§ 15, 26.

■ This is not the information for which the Court has asked. Is defendant charged with violating the Robinson-Patman Act, 15 U.S.C. § 13? If so, plaintiff should note the elements which a Robinson-Patman claimant must allege and prove, as set forth in Cliff Food Stores, Inc. v. Kroger, Inc., 417 F.2d 203, 208 (5th Cir. 1969). Or is defendant charged with some violation of 15 U.S.C. § 14? The complaint does not apprise defendant of the violations which plaintiff hopes to establish. The Court does not find the *Michigan Gas* * case persuasive on the facts now before it, involving a suit by a cancelled franchisee-distributor disgruntled over the manufacturer's distribution methods. Before extensive discovery is undertaken, the defendant is entitled to the more definite statement called for in the February 24, 1972 order.

In its complaint, plaintiff complains of a number of GE practices and acts. It is the order of this Court that plaintiff, to the extent possible, inform defendant of the violations allegedly established by the facts. Accordingly, it is ordered and adjudged that plaintiff's motions for rehearing and oral argument are denied.

It is further ordered and adjudged that plaintiff's motion for leave to amend paragraph 2 is denied. Plaintiff has been ordered to file an amended complaint. This contemplates a completely new pleading, rather than a list of additions and deletions. Said amended complaint shall be filed forthwith, but in no event later than March 10, 1972. Defendant shall serve its responsive pleading within ten days from service upon it of the amended complaint.

---

* Michigan Gas & Electric Co. v. American Electric Power Co., 41 F.R.D. 462 (S.D.N.Y.1966).