**JUNEAU SQUARE CORP. et al.,**
**Plaintiffs,**

v.

**FIRST WISCONSIN NATIONAL BANK**
**OF MILWAUKEE et al.,**
**Defendants.**

**No. 72–C–533.**

United States District Court,
E. D. Wisconsin.

Jan. 10, 1973.

Kersten & McKinnon by George P. Kersten and Charles M. Hanratty, Milwaukee, Wis., for plaintiffs.

Foley & Lardner, by David E. Beckwith, James O. Huber and James R. Clark, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

There are three motions presently before the court. The plaintiffs seek a preliminary injunction. They have also moved to amend their complaint and to name certain parties as additional defendants. The third motion is that of the defendant, First Wisconsin National Bank, which seeks an order adding two individuals as parties defendant in connection with the bank's counterclaim.

## I. PRELIMINARY INJUNCTION

The complaint charges that the defendants have violated the federal antitrust laws by conspiring to oust the plaintiffs from certain real property called "Juneau Square" and also by conspiring to injure the plaintiffs in respect to their financing and developing said property. The plaintiffs' proposed preliminary injunction would bar the defendants from enforcing a certain note dated April 24, 1962, and from interfering with the plaintiffs' business and financial interests in Wil-Ten Co. and Juneau Square Corp.

I have considered the pleadings in this case and also the affidavits which have been submitted in connection with the present motions. I have also weighed the alleged erroneous representation attributed to defendants' counsel in connection with the hearing held before me on September 22, 1972, regard-

ing the time of the commencement of the state court action. I have further considered the probabilities of ultimate success of the parties' positions and also the relative injuries which might result from the granting or denying of interlocutory relief. The recognized guidelines for the issuance of preliminary injunctions were discussed in Derby v. University of Wisconsin, 325 F.Supp. 163. (E.D.Wis.1971) and Hanley v. Volpe, 305 F.Supp. 977, 982 (E.D.Wis. 1969). See also Hamilton Watch Co. v. Benrus Watch Co., 206 F.2d 738 (2d Cir. 1953). My conclusion is that the interlocutory injunction should not be granted. Although the instant action was commenced prior to the bank's commencing its state court action on the Wil-Ten note, I believe that it would be inappropriate to restrain the bank from proceeding with the state court action.

## II. PLAINTIFFS' MOTION TO ADD PARTIES DEFENDANT

On November 10, 1972, the plaintiffs filed an amended complaint together with this motion to permit such amendment and to add certain parties defendant. The proposed amended complaint sets forth "two particularized wrongful acts" which the plaintiffs allege have been committed by the defendants, and it also seeks to add Aetna Insurance Company and its related insurance companies as parties defendants.

Although the defendants urge that the addition of the Aetna group will unnecessarily complicate the issues, I find that both the amendment of the complaint and the addition of parties should be granted. The plaintiffs aver that the Aetna firms were a principal source of financing for the plaintiffs in the development of Juneau Square. Amendment of pleadings under Rule 15(a), Federal Rules of Civil Procedure, shall be "freely given"; in my opinion, justice requires the granting of the proposed amendment and the adding of parties.

### III. MOTION TO ADD DEFEND-ANTS TO COUNTTR-CLAIM

The First Wisconsin National Bank has moved for an order naming Jack D. Moertl and John F. Spoden as parties defendant in connection with the defendants' counter-claim. The bank suggests that it was entitled to include the counter-claim in its amended answer as a matter of course. It urges that it be permitted to do so by order of the court if such right is not a matter of course. The bank points out in support of its motion to add Mr. Moertl and Mr. Spoden as parties that the latter are jointly liable on Wil-Ten's note, which is the subject matter of the counter-claim.

The plaintiffs oppose the bank's motion and recite the circumstances surrounding the filing of the state court action, which was fully briefed by counsel in connection with the plaintiffs' motion for a preliminary injunction. The plaintiffs challenge the bank's good faith in prosecuting its claim simultaneously in the state court and in the federal court. Plaintiffs further note that the defendants failed to take a voluntary nonsuit in the state court action and have opposed the plaintiffs' motion for a stay of the state court proceedings.

Notwithstanding the contentions of the plaintiffs, I believe that the "freely given" provision of Rule 15(a), Federal Rules of Civil Procedure, and the authorization of Rule 13(h), warrant the granting of the bank's motion.

### IV. CONCLUSION

Therefore, it is ordered that the plaintiffs' motion for a preliminary injunction be and hereby is denied.

And it is also ordered that the plaintiffs motion to amend their complaint and add parties defendant be and hereby is granted.

And it is further ordered that the defendant bank's motion to amend its counter-claim and to add additional parties defendant to said counter-claim be and hereby is granted.