**JUNEAU SQUARE CORP., et al.,**
**Plaintiffs,**

v.

**FIRST WISCONSIN NATIONAL BANK**
**OF MILWAUKEE et al.,**
**Defendants.**

**No. 72–C–533.**

United States District Court,
E. D. Wisconsin.

June 18, 1973.

Kersten, McKinnon & Hanratty by George P. Kersten, Milwaukee, Wis., for plaintiffs.

Quarles, Herriott, Clemons, Teschner & Noelke by William A. Stearns and James A. Urdan, Milwaukee, Wis., for Aetna Life & Aetna Casualty.

Foley & Lardner by David E. Beckwith, James O. Huber and James R. Clark, Milwaukee, Wis., for First Wis. Nat'l Bank of Milwaukee, First Wis. Development Corp., First Wis. Bankshares Corp., Marshall-Michigan Co., and Marshall-Wisconsin Co.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This is a motion, under Rule 12(e), Federal Rules of Civil Procedure, to make the plaintiffs' second amended complaint more definite and certain in several respects. The motion is brought by Aetna Life Insurance Company and the Aetna Casualty and Surety Company (Aetna), who were added as party defendants in this action by a decision and order of this court dated January 10, 1973, 58 F.R.D. 108. Upon stipulation of the parties, briefs submitted when this Rule 12(e) motion was originally filed concerning the first amended complaint stand as the briefs on this motion.

The 19-page second amended complaint charges the defendants First Wisconsin National Bank of Milwaukee (First Wisconsin) and its alleged co-conspirators, including Aetna, with having agreed, combined and conspired to restrain trade, as well as with having monopolized a significant portion of the commercial rental market in downtown Milwaukee. These acts are alleged to have been accomplished as a result of the defendants' concerted interference with the plaintiffs' efforts to finance and develop a competing portion of Juneau Square. Aetna's complicity and liability are specifically charged in the complaint. "Interstate leases" between itself and Aetna were part of the plaintiffs' over-all financing scheme to develop Juneau Square. Similar interstate financial arrangements linked the plaintiffs' fortunes to others of the alleged co-conspirators. Because of its role in connection with these "financial arrangements", Aetna is specifically charged in the complaint with conspiring to restrain trade and with assisting First Wisconsin in the latter's alleged attempt to achieve monopoly status at the plaintiffs' expense.

Rule 12(e) provides that:

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading."

As noted by this court in International Harvester Co. v. General Ins. Co. of America, 45 F.R.D. 4, 6 (E.D.Wis.1968), the test to be applied in deciding this motion is:

". . . whether the . . . complaint is so 'vague or ambiguous' that these movants cannot reasonably be required to frame a responsive pleading. The words 'vague or ambiguous' have been held to mean indefiniteness of facts as well as a lack of clarity and expression . . . The motion is not a substitute for discovery proceedings, however, and it is improper to use the motion to elicit any facts beyond those needed to plead responsively . . . The old bill of particulars was abolished in 1948 . . . ."

The details desired by Aetna, without which they claim that they are unable to

**48**

prepare a responsive pleading, consist of six queries requiring specific answers going to (a) what it is claimed they agreed to as their part in the alleged conspiracy and (b) what it is claimed that they did in furtherance of the conspiracy. The issue here is whether, under the circumstances, those details call for more particular pleadings or are better left to discovery. The general mandate of Rule 8 is that the pleadings contain "a short and plain statement of the claim" sufficient to give notice, leaving the details to be filled in by discovery.

■ In my opinion, the pleadings contained in the second amended complaint are sufficiently definite and precise to withstand the movants' Rule 12(e) attack. The complaint is not so vague or ambiguous, nor does it contain such broad generalizations, that the defendants Aetna are unable to frame an answer thereto. Indeed, the very fact that each of Aetna's alleged co-conspirators have been able to file a responsive pleading is some evidence that one can be filed. See Goldstein v. Northern Jersey Trust Co., 39 F.R.D. 363 (S.D.N.Y. 1966).

■ Rule 12(e) is designed to strike at unintelligibility rather than want of detail. 2 A Moore's Federal Practice, ¶ 12.18, at 2389 (1972). A motion for a more definite statement should not be used to test an opponent's case by requiring him to allege certain facts or retreat from his allegations. Cole v. Baltimore & Ohio R. R., 9 F.R.D. 213 (N.D.Ohio 1949). Cf. Michigan Gas & Electric Co. v. American Electric Power Co., 41 F.R.D. 462 (S.D.N.Y. 1966).

In Nagler v. Admiral Corp., 248 F.2d 319, 322–323 (2d Cir. 1957), the court stated:

"It is true that antitrust litigation may be of wide scope and without a central point of attack, so that defense must be diffuse, prolonged, and costly. So many defense lawyers have strongly advocated more particularized pleading in this area of litigation; and recently the judges in the court below have treated it as accepted law that some special pleading—the extent is left unclear—is required in antitrust cases. But it is quite clear that the federal rules contain no special exceptions for antitrust cases."

*Cf.* Elwonger v. Career Academy, Inc., 54 F.R.D. 85 (E.D.Wis.1971).

For purposes of obtaining detailed information as to the cause of action such as that desired by Aetna, and of limiting the issues to be tried, simple and expeditious discovery methods are provided in Rules 26–37, Federal Rules of Civil Procedure. Lodge 1916 v. General Electric X-Ray Dept., 49 F.R.D. 72, 73 (E.D.Wis.1970).

I conclude that Aetna's motion for a more definite statement in this action must be denied.

Therefore, it is ordered that the defendants' motion for a more definite statement be and hereby is denied.